Aycock *vs.* Turner.

---

JAMES AYCOCK, plaintiff in error, *vs.* MARTHA F. TURNER, defendant in error.

(TRIPPE, Judge, was providentially prevented from presiding in this case.)

Where a claimant showed by an exemplification of the record of the suit in which the judgment was obtained upon which the execution was based, that the defendant therein had not been served, it was not error in the court to refuse a continuance upon the application of the plaintiff in execution to allow him to show to the contrary. The only tribunal in which such evidence could benefit him would be the court rendering the judgment, where the record could alone be perfected.

Continuance. Record. Service. Judgments. Before Judge CLARK. Schley Superior Court. May Term, 1874.

For the facts of this case, see the decision.

JOHN R. WORRILL, for plaintiff in error.

HAWKINS & HAWKINS, by SAMUEL ELAM, for defendant.

WARNER, Chief Justice.

This was a claim case which came on for trial in Schley superior court. The land was levied on by the plaintiff to satisfy an execution in his favor against Bailey, the defendant therein, and was claimed by Mrs. Martha Turner. At the trial, the plaintiff introduced his execution, which had been levied on the land, with other evidence, and closed. The claimant then offered in evidence an exemplification of the record of the original writ, verdict, judgment, etc., from Sumter superior court, on which the execution issued, from which it appeared that there had been no service of the original writ on the defendant, or acknowledgment of service, or waiver of service, or appearance by the defendant in that suit, but on the contrary, the clerk certifies, from an inspection of the docket of the court, that the defendant was in default; that no plea or answer was made or filed by the defendant in said case, as appears of record in said court. The counsel for the plaintiff, who was the attorney of record in the original suit, claimed to be surprised by the introduction of the claimant's evidence, and moved the court to continue the case to enable him to show that Bailey, the defendant, had been served, which he could do—that he *believed* he could do—if the opportunity was allowed him; that he had no notice that claimant intended to make an issue as to the want of service on the defendant; knew nothing of said exemplification until it was tendered in evidence. The court refused the motion for a continuance, and the plaintiff excepted, and then the plaintiff dismissed his levy upon the land.

The introduction of the record in evidence by the claimant showed that the plaintiff's execution was a nullity. The introduction of that evidence did not raise an issue which the court could then have tried in that court, or at any future

term. If the plaintiff could have perfected the record by showing service on the defendant, the place to do that was in the court in which the judgment was obtained, so that the record might be complete to authorize a judgment and execution against the defendant. The Code, however, provides that the sheriff must make an entry of service on the original petition and return the same to the clerk; and we think it would be rather a difficult matter for the plaintiff to prove the service on the defendant in any other way, even in the court in which the judgment purports to have been obtained. The plaintiff did not ask the court for a continuance to enable him to perfect the record in the court in which the judgment was obtained, but to enable him to make an issue as to the verity of the record which was offered at the trial for the inspection of the court, which he could not legally have done; therefore, there was no error in refusing the continuance on the statement of facts disclosed by the record.

Let the judgment of the court below be affirmed.